UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal No. 13-3-ART |
| v. | ) ) | |
| KELVIN DERNARD BADGER, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Already serving a life sentence at Big Sandy penitentiary, Kelvin Dernard Badger pled guilty to knowingly possessing heroin in prison. R. 16. At his sentencing hearing, the Court informed the parties that it was inclined to impose a sixty-month term of imprisonment and a $5,000 fine. R. 29 at 4. The proposed fine was to be collected by automatically deducting fifty percent of each deposit into Badger's commissary account until it was paid in full. *Id.* Before entering judgment, however, the Court offered Badger a chance to object to the fine. *Id.* And object he did. R. 30. Upon full consideration of the relevant factors, Badger's objection is overruled. The Court will impose a $5,000 fine.

The United States Sentencing Guidelines provide that the Court "shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). When determining whether to impose a fine, the Court must assess several factors including: the defendant's income, future earning capacity, and assets; the burden the fine would impose on the defendant and his dependents; pecuniary loss inflicted on others as a result of the offense; whether restitution is

ordered and the amount of restitution; the need to deprive the defendant of illegal gains; and the need to promote respect for the law, provide just punishment for the offense, and provide adequate deterrence. *United States v. Tosca*, 12 F.3d 1352, 1354 (6th Cir. 1994) (citing 18 U.S.C. § 3572(a) and USSG § 5E1.2(d)). The defendant bears the burden of showing that he cannot pay, and the Court may impose a fine based on the defendant's future earning potential, even if the defendant has no assets at the time of sentencing. *Tosca*, 18 F.3d at 1354–55; *see* U.S.S.G. § 5E1.2(a).

Badger argues that he is "unable to pay" within the meaning of § 5E1.2(a). He points out that he is serving a life sentence without the possibility of release and that he has no assets. Therefore, Badger claims, he cannot pay a $5,000 fine.

Badger's argument fails because he has not carried his burden of proving that he "is not likely to become able to pay any fine." U.S.S.G § 5E1.2(a). The Court may consider Badger's ability to work and earn money while imprisoned. *See United States v. May*, 430 F. App'x 520, 528–29 (6th Cir. 2011); *United States v. Hernandez*, 85 F.3d 1023, 1031 (2d Cir. 1996). By all accounts, he is in good health and is capable of working. And the Courts of Appeals have affirmed heavier fines to be paid from expected prison earnings over similarly long sentences. *See Hernandez*, 85 F.3d at 1031 (affirming a $10,000 fine to be paid over twenty-five years); *United States v. Turner*, 975 F.2d 490, 498 (8th Cir. 1992) (affirming a $25,000 fine to be paid over the course of a life sentence).

Additionally, the record demonstrates another independent source of income from which Badger will be able to pay the fine: regular deposits into his commissary account. Between April and September of 2013, Western Union wired over $1,700 dollars into Badger's account. Badger can satisfy the fine within three years if he continues to receive

such deposits. He thus has failed to show that, between future prison earnings and deposits, he will not be able to pay the fine.

Badger urges the Court to consider the fine's burden on his family, since they are the source of his deposits, but his argument relies on a misreading of the Guidelines. Section 5E1.2 and the corresponding statutory provision instruct the Court to consider whether the fine would burden Badger's *dependents*. U.S.S.G. § 5E1.2(d)(3); 18 U.S.C. § 3572(a)(2). According to the undisputed findings of the Presentence Investigation Report, however, Badger has no dependents. In any event, the fine will have no effect on Badger's family—Badger will just receive fewer of the dollars that they deposit into his account until he has paid the fine.

The fine is also necessary to promote respect for the law. As the Court explained at sentencing, Badger is serving a life sentence without the possibility of release. Any prison term the Court imposes must run consecutively to the term of life that Badger is currently serving. U.S.S.G. § 5G1.3(a). Because the defendant will never serve a single day of the 60-month prison term imposed for this offense, the fine is necessary to effectively punish Badger's crime and to deter him from committing future crimes.

Deterrence is particularly important in this case. At his sentencing hearing, Badger explained that he committed his crime for "fun." And why not? Badger and other life offenders have almost nothing to lose: the courts can only sentence them to terms they will not serve, and they cannot earn good-time credit. The prospect of administrative sanctions may deter some offenders, but it obviously has not deterred Badger. If courts cannot impose a fine on life offenders, then such offenders—regardless of the seriousness of their crimes—

3

are effectively beyond the reach of the courts. Only a fine will show Badger and other inmates serving life terms that they are not immune to meaningful sentences.[1]

Accordingly, it is **ORDERED** that:

1) The defendant's objection to the proposed sentence, R. 30, is **OVERRULED**.

2) The United States' motion for leave to file a document under seal, R. 32, is **GRANTED**.

This the 1st day of October, 2013.

Signed By:
*Amul R. Thapar* AT
United States District Judge

---

[1] The other factors the Court must consider—the pecuniary loss inflicted on others, whether restitution is ordered, and the need to deprive the defendant of illegal gains—are less important in this case than the need to promote respect for the law and the need to provide adequate deterrence. They also cancel each other out: nobody suffered a pecuniary loss as a result of Badger's crime, no restitution is ordered (so there are no other payments the fine might interfere with), and there is no evidence that the defendant profited from his crime.